IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MARY TERESA WILLIS                                                                     PLAINTIFF

vs.                                         Civil No. 4:21-cv-04006

COMMISSIONER, SOCIAL                                        DEFENDANT
SECURITY ADMINISTRATION

**MEMORANDUM OPINION**

Mary Teresa Willis ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Title II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed her disability applications on November 19, 2018. (Tr. 76). In these applications, Plaintiff alleges being disabled due to fibromyalgia, PTSD, sleep apnea, narcolepsy, depression, anxiety, carpal tunnel syndrome, hypertension, "hydrocodone," and

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 15. These references are to the page number of the transcript itself not the ECF page number.

1

gastrointestinal issues. (Tr. 633). Plaintiff alleges an onset date of March 31, 2009. (Tr. 76). These applications were denied initially and again upon reconsideration. *Id.*

Plaintiff then requested an administrative hearing, and this hearing request was granted. (Tr. 415-445). Plaintiff's administrative hearing was held on April 23, 2020, *via* telephone hearing. *Id.* Plaintiff was present and was represented by counsel. *Id.* At this hearing, Plaintiff and Vocational Expert ("VE") Thomas Meunier testified. *Id.*

On June 10, 2020, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 73-91). The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2014. (Tr. 78, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 31, 2009, her alleged onset date. (Tr. 79, Finding 2). The ALJ noted the following regarding Plaintiff's wages:

> The claimant's earning statements showed she had wages in 2010 in the amount of $837.01, in 2011 in the amount of $727.26, in 2014 in the amount of $416.88, and in 2015 in the amount of $928.71.

*Id.* The ALJ determined Plaintiff had the following severe impairments: left patellar fracture with repair, fibromyalgia, neuritis, unspecified cerebrovascular disease, hypothyroid, hypertriglyceridemia, obesity, depression, anxiety, and opioid dependence in remission. (Tr. 79, Finding 3). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 80-82, Finding 4).

The ALJ determined Plaintiff was thirty-eight (38) years old, which is defined as a "younger individual" under 20 C.F.R. § 404.1563(a) and 20 C.F.R. § 416.965(a), on her alleged

disability onset date. (Tr. 89, Finding 7). The ALJ also determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 89, Finding 8).

In her decision, the ALJ evaluated Plaintiff's subjective complaints and determined Plaintiff's Residual Functional Capacity ("RFC"). (Tr. 82-89, Finding 5). Specifically, the ALJ determined Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she is limited to occasional kneeling, stooping, crouching, and crawling. The claimant can never climb. She can frequently handle and finger bilaterally. She can perform unskilled work as defined in the Dictionary of Occupational Titles (DOT) with few, if any, changes in a routine setting.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff's PRW included work as a jewelry salesperson (light, skilled) and bookkeeper (sedentary, skilled). (Tr. 89, Finding 6). Considering that PRW, the ALJ determined Plaintiff was unable to perform any of her PRW. (Tr. 89, Finding 6). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 90, Finding 10). The VE also testified at the administrative hearing regarding this issue. *Id.* Considering her RFC, age, education, and work experience, the ALJ determined Plaintiff retained the capacity to perform the following occupations existing in significant numbers in the national economy: (1) information clerk with 90,320 such jobs in the nation; (2) document scanner with 91,927 such jobs in the nation; and (3) dowel inspector with 12,379 such jobs in the nation. *Id.*

Because Plaintiff retained the capacity to perform this other work existing in significant numbers in the national economy, the ALJ determined Plaintiff had not been under a disability, as

defined by the Act, from March 31, 2009 through the date of her decision or through June 10, 2020. (Tr. 90, Finding 11).

Plaintiff requested the Appeals Council's review of the ALJ's unfavorable disability determination. On December 21, 2020, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-5). On January 29, 2021, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on January 29, 2021. ECF No. 5. This case is now ready for decision.

**2.**     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox*

*v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.** **Discussion:**

In her appeal brief, Plaintiff raises two arguments for reversal: (A) the ALJ erred in analyzing her symptoms of fibromyalgia pursuant to Social Security Ruling 12-2p; and (B) the ALJ erred by failing to consider the effects of her fibromyalgia alone or in combination with other impairments. ECF No. 17 at 1-20. The Court will consider these two arguments for reversal.

### A. Social Security Ruling 12-2p

Plaintiff claims the ALJ erred in properly analyzing her fibromyalgia symptoms in accordance with Social Security Ruling ("SSR") 12-2p. ECF No. 17 at 2-17. SSR 12-2p provides for an "evaluation of fibromyalgia." As its stated "purpose," SSR 12-2p provides as follows:

> This Social Security Ruling ("SSR") provides guidance on how we develop evidence to establish that a person has a medically determinable impairment (MDI) of fibromyalgia (FM), and how we evaluate FM in disability claims and continuing disability reviews under titles II and XVI of the Social Security Act.

As stated in this regulation, fibromyalgia is not *per se* disabling: "FM is a complex medical condition characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissues that has persisted for at least 3 months. FM is a common syndrome. When a person seeks disability benefits due in whole or part to FM, we must properly consider the person's symptoms when we decide whether the person has an MDI of FM. As with any claim for disability benefits, before we find that a person with an MDI of FM is disabled, we must ensure there is *sufficient objective evidence to support a finding that the person's impairment(s) so limits the person's functional abilities that it precludes him or her from performing any substantial gainful activity*." (emphasis added).

In her opinion, the ALJ evaluated Plaintiff's transcript of 1,338 pages and provided a detailed analysis of her claimed disability due to fibromyalgia. (Tr. 82-89). The ALJ also considered SSR 12-2p in her opinion. (Tr. 80). In her opinion, the ALJ noted the following regarding Plaintiff's allegedly disabling fibromyalgia:

> In January 2012, the claimant complained she had continued to have fibromyalgia symptoms. She had pain in her neck, back, shoulders, arms, and legs. She stated her symptoms were worse, but did not impair her daily activities. She denied having muscle weakness. (Exhibit 11F at 101). The physical examination showed she was not in acute distress. The claimant had no inflammatory or degenerative arthritis. She had no signs of edema. The claimant had no focal deficits. She was alert and oriented.

(Tr. 85). The ALJ also noted the following: "The physical examination in December 2019 revealed the claimant was not in distress. She was alert and oriented. She had no edema in her extremities and no

6

neurological deficits. (Exhibit 21F at 10)." (Tr. 87). Additionally, the ALJ found the following: "The claimant reported in April 2020 that she was doing better. . . . She had started walking for exercise." *Id.*

After considering her fibromyalgia, the ALJ limited Plaintiff to sedentary work with additional limitations. (Tr. 82, Finding 5). The ALJ determination such an RFC finding was consistent with Plaintiff's medical records and accounted for her fibromyalgia: "As mentioned above, her physical examinations were normal except for pain and tenderness due to her fibromyalgia symptoms. She had normal sensations, strength, coordination, and reflexes. Her gait was normal." (Tr. 87). Upon review of this decision and the ALJ's evaluation of her fibromyalgia, the Court finds the ALJ fully complied with SSR 12-2p and her determination is supported by substantial evidence in the record.

**B. Impairments in Combination**

Plaintiff claims the ALJ did not properly consider her fibromyalgia in combination with her other impairments. ECF No. 17 at 17-20. Specifically, Plaintiff claims she has "carpal tunnel syndrome and has problems with the ability to handle and finger." ECF No. 17 at 19. In the ALJ's RFC assessment, she found Plaintiff could "frequently handle and finger bilaterally." (Tr. 82). Plaintiff claims this determination was in error and is not supported by substantial evidence in the record. ECF No. 17 at 19.

Upon review, the Court finds no basis for reversal on this issue. In her briefing, Plaintiff cited her testimony regarding her carpal tunnel syndrome but no medical diagnosis or medical records reflecting her claimed limitations. ECF No. 17 at 17-20. In her opinion, the ALJ considered Plaintiff's impairments and specifically found Plaintiff did not have "an impairment or combination of impairments" that meets or medially equals a Listing. (Tr. 80). Such language is sufficient to demonstrate the ALJ properly considered her impairments in combination. *See Hajek v. Shalala,* 30 F.3d 89, 92 (8th Cir. 1994) (recognizing "[b]ased on these statements [regarding "evidence as a whole," "symptoms," and "impairments"], we believe the ALJ properly considered

the combination effects of Hajek's impairments"). Thus, the Court finds no basis for reversal on this issue.

4. **Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's disability determination is supported by substantial evidence in the record and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 21st day of October 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE